FAJARDO SUGAR COMPANY, PLAINTIFF AND APPELLANT, *v.* TORRES ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action of Unlawful Detainer.

No. 1990.—Decided May 5, 1919.

UNLAWFUL DETAINER—CONFLICTING TITLES—PRESCRIPTION.—An action of unlawful detainer does not lie when, although the plaintiff has the ownership of the property recorded in his name, the defendant alleges, and his allegation is not absolutely unsupported by the evidence, that he has been in possession as owner for more than thirty years. The question of titles must be decided in an ordinary action.

The facts are stated in the opinion.
*Mr. Luis Muñoz Morales* for the appellant.
*Mr. C. García de la Noceda* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The complaint in this action of unlawful detainer set up that at sufferance and without paying any rent or other consideration the defendants were in possession of a portion of certain lands belonging to the plaintiff corporation, whereon they had erected some houses, and prayed the District Court of Humacao to order that the defendants vacate the said land and remove their houses.

The defendants alleged in their answer that the land on which the houses are built belongs to them by title of inheritance from Pablo Torres, who had acquired the same from Benigno de Santiago, they altogether having held the possession for more than forty years uninterruptedly and as owners. On this issue the case was tried and judgment was entered dismissing the complaint on the ground that as the ownership title was at issue the action of unlawful detainer could not be maintained and the question should be raised in an ordinary action.

As the plaintiff has recorded in its name the ownership title to a certain rural property in which the parcel of land occupied by the defendants' houses is included, the question to be decided in this appeal of the plaintiff corporation is whether judgment should be entered in its favor or whether the judgment of the lower court should be affirmed.

The defendants introduced some evidence at the trial tending to prove that the houses were built on the said land before 1885, and although no attempt was made to prove the title of acquisition of their ancestor, Pablo Torres, it seems, nevertheless, that they have held possession for more than thirty-four years.

When the plaintiff corporation purchased the property the defendants were already occupying the property with their houses and had so occupied it while their vendor was the owner. To rebut the evidence of the defendants as to their quiet and peaceful possession as owners, the plaintiff introduced evidence tending to show that the defendants acknowledged the ownership of the plaintiff because they had obtained its permission to rebuild the houses.

As will be seen, while the plaintiff has a title to the land occupied by the defendants, these have introduced some evidence of possession as owners for more than thirty years; therefore there is a question of titles which cannot be decided in the summary and special proceeding of unlawful detainer for the reason that a judgment against the defendants would

hold that they occupy the land at sufferance without any title, while, as we have said, they have introduced some evidence of having acquired ownership by extraordinary prescription.

An action of unlawful detainer can not prosper when the defendant presents some evidence of a legal title to the possession. The case of *Pesquera* v. *Fernández*, 16 P. R. R. 223, is similar to the case at bar. See also *Torres et al.* v. *Pérez*, 18 P. R. R. 557; *Miranda* v. *Camerón et al.*, 19 P. R. R. 465; *Delgado* v. *Pimentel et al.*, 20 P. R. R. 521; *Cabassa* v. *Bravo*, 21 P. R. R. 336; *Gandía* v. *Cabán*, 22 P. R. R. 773, and *Sucs. of Casanova & Co.* v. *Ramírez et al.*, 25 P. R. R. 581.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.